IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 21-cv-3445-WJM-STV

KATHLEEN WALLACE,

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, an Illinois corporation,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION TO EXCLUDE TESTIMONY OF DR. CUMMINS AND HIS REPORT**

---

This lawsuit, which arises out of a December 22, 2017 motor vehicle accident whereby Plaintiff Kathleen Wallace was struck by a vehicle in a parking lot, is before the Court on Defendant State Farm Mutual Automobile Insurance Company's ("State Farm") Motion to Exclude Testimony of Dr. Cummins and His Report ("Motion"). (ECF No. 25.) Wallace filed a response in opposition (ECF No. 26), to which State Farm filed a reply (ECF No. 27).

Neither party requests an evidentiary hearing on the Motion, and the Court finds it does not need one to resolve the Motion. For the following reasons, the Motion is granted.

## I. LEGAL STANDARDS

A district court must act as a "gatekeeper" in admitting or excluding expert testimony. *Bitler v. A.O. Smith Corp.*, 400 F.3d 1227, 1232 (10th Cir. 2005).

Expert opinion testimony is admissible if it is relevant and reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589, 594–95 (1993). The opinions are relevant if they would "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. They are reliable if (1) the expert is qualified "by knowledge, skill, experience, training, or education," (2) his opinions are "based upon sufficient facts or data," and (3) they are "the product of reliable principles and methods." *Id.* The proponent of expert testimony has the burden to show that the testimony is admissible. *United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009).

Federal Rule of Evidence 401 provides that evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.

Federal Rule of Evidence 402 provides that relevant evidence is admissible unless any of the following provides otherwise, including the United States Constitution; a federal statute; these rules; or other rules prescribed by the Supreme Court. Further, Rule 402 provides that irrelevant evidence is not admissible.

Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

## II. ANALYSIS

Dr. Christopher Cummins is a family medicine physician retained as one of Wallace's experts. (ECF No. 25 at 2.) Relatedly, Wallace explains that she has retained as an expert witness Dr. Jeff McCloskey, who has a degree in chiropractic

2

medicine. (ECF No. 26 at 2.) As part of his process in assessing the scope of injuries of accident victims, Wallace explains that Dr. McCloskey

> has his analysis and conclusions reviewed by a medical doctor to add an additional layer of reliability. The reviewing medical doctor conducts a file review of Dr. McCloskey's observations of the patient, Dr. McCloskey's review of the pertinent medical records, and a review of Dr. McCloskey's opinions and diagnosis in this case. The reviewing medical doctor in this process does not normally see the patient or review the medical records themselves because that would be beyond the scope and role of the reviewing medical doctor in this process.

(*Id.* at 2–3.) Dr. Cummins is the reviewing medical doctor in this case, and Wallace argues that his opinions "as a medical doctor will assist the jury by allowing them to view the evidence from the perspective of a medical doctor." (*Id.* at 5.)

In the Motion, State Farm explains that Dr. Cummins never met with or examined Wallace, did not review her medical records, and did not prepare his own expert report. (*Id.* at 2–4.) With respect to his expert report (ECF No. 25-1), Dr. Cummins testified at his deposition that the report comes to him as is, and he simply reviews it to see if it seems to make sense. (ECF No. 25 at 4 (citing ECF No. 25-2).) He does not add or input any of the information in the report; rather, a company called Case Audit Settlement Evaluation, LLC ("CASE") sends him a final report. (*Id.*) He does not know what information goes into compiling the report but assumes the information contained therein is contained in Wallace's medical records and has been verified by someone else. (*Id.*) He did not independently make any of the diagnoses contained in the report, state what time periods the diagnoses cover, or state whether the diagnoses existed before the incident giving rise to this lawsuit. (*Id.*)

Further, he cannot opine as to whether any of the diagnoses are related to the

3

incident giving rise to this lawsuit.  (*Id.* at 5.)  He does not know when multiple studies were done or the results of the studies.  (*Id.*)  He did not review any materials to make an independent determination as to whether Wallace was having difficulty performing any activities and does not know whether any of the future treatment mentioned in the report is related to the accident at issue here.  (*Id.*)  Importantly, State Farm points out that Dr. Cummins "cannot state whether any of the injuries or complaints or diagnoses set forth in the report were the result of the subject incident."  (*Id.*)  Accordingly, State Farm argues that the Court should exclude Dr. Cummins's opinions and the report because they "are nothing more than an endorsement of opinions purportedly held by others without any reliable methodology upon which the opinions are based."  (*Id.*)

In her response, Wallace correctly notes that State Farm does not attack Dr. Cummins's qualifications as a physician to render a diagnosis.  (ECF No. 26 at 4.)  She notes that Dr. Cummins will make a diagnosis based on Dr. McCloskey's examination of her and his review of the medical records.  In other words, "Dr. Cummins['s] role is to conduct an independent review of the opinions and conclusions of Dr. McCloskey from a physician's perspective applying criteria used by a medical doctor in order to determine whether Dr. McCloskey's opinions are consistent with medical criteria."  (*Id.* at 7.)  Wallace states that Dr. Cummins will provide opinions related to "medical care, impairments, recovery periods, and other matters."  (*Id.*)

State Farm replies that it is "one thing for a medical doctor to consider the records of another medical provider along with his or her own examination or review of records to formulate his or her own opinions and something entirely different to simply adopt the opinions of another medical provider without any independent review of the

4

underlying records or examination of the individual." (ECF No. 27 at 2.) In other words, according to State Farm, Wallace wants Dr. Cummins to testify about someone else's expert opinion rather than testify based on his own analysis. (*Id.* at 3.)

The Court agrees with State Farm. Dr. Cummins has performed no independent review of the medical records or any other information and will thus offer no independent opinions. "While an expert may review or even consider the reports of other experts, he must also independently analyze the material and apply his own knowledge and experience without wholesale adopting the opinion of another expert." *Sinclair Wyoming Ref. Co. v. A&B Builders, Ltd.*, 2018 WL 4698781, at *11 (D. Wyo. Sept. 11, 2018), *on reconsideration in part sub nom. Sinclair Wyoming Refinery Co. v. A&B Builders, Ltd.*, 2019 WL 13177801 (D. Wyo. Mar. 29, 2019) (citing *Mooring Capital Fund, LLC v. Knight*, 388 F. App'x 814, 820–21 (10th Cir. 2010)).

Any opinion of Dr. Cummins would be based on no independent analysis and would simply be a wholesale adoption of Dr. McCloskey's opinions. Because Wallace seeks to have Dr. Cummins testify about someone else's expert opinion, rather than testify based on his own analysis and independent conclusions, the Court excludes all opinions and the report to be offered by Dr. Cummins.

### III. CONCLUSION

For the foregoing reasons, the Court ORDERS that the Motion (ECF No. 25) is GRANTED.

5

Dated this 22nd day of September, 2023.

BY THE COURT:

_____
William J. Martínez
Senior United States District Judge